**Susan PEEVY, Appellant**

v.

**Patrick M. DONAHUE, Postmaster General & Chief Executive Officer, in his Official Capacity and United States Postal Service, Appellees.**

No. 12–5098.

United States Court of Appeals, District of Columbia Circuit.

May 31, 2013.

Before: GARLAND, Chief Judge, KAVANAUGH, Circuit Judge, and EDWARDS, Senior Circuit Judge.

## JUDGMENT

This appeal from a decision of the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. Appellees subsequently filed a motion for partial dismissal as moot and a reply, which appellant opposes. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). It is

**ORDERED and ADJUDGED** that the appeal be dismissed as moot and that portion of the district court's judgment dismissing appellant's constitutional claims be vacated.

Susan Peevy, an employee of the United States Postal Service, was charged with unacceptable conduct after an internal investigation concluded that she had misused official priority mail labels. After an unsuccessful mediation session, the Postal Service mailed Peevy a letter informing her that she would be terminated. This letter told Peevy that she had "fifteen (15) calendar days from ... receipt" to submit a written appeal requesting a hearing. App. 97; *see* U.S. Postal Service Employee and Labor Relations Manual (ELM) Part 652.231. Peevy faxed in an appeal, but the Postal Service denied it as untimely.

Peevy sued the Postmaster General and the Postal Service in federal district court. In counts I and II of her complaint, she alleged that the defendants violated the Due Process Clause of the Fifth Amendment when they denied her an appeal and terminated her employment without a hearing. Peevy maintained that she had received the Postal Service's termination notice exactly fifteen days before filing her request for a hearing. In Part III.A of its opinion, the district court granted the Postal Service's motion to dismiss Peevy's constitutional claims for lack of subject matter jurisdiction under FED.R.CIV.P. 12(b)(1), a ruling that Peevy has appealed to this court. Counts III and IV of Peevy's complaint further alleged that the defendants were liable for defamation and intentional infliction of emotional distress. In Part III.B of its opinion, the district court dismissed those claims as conceded, as well as on the basis of the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* Peevy has not appealed that ruling.

After oral argument was held on this appeal, the Postal Service informed Peevy by letter that it had "decided to accept your request for appeal," that it "will assign a hearing officer to your appeal," and that its earlier letter "regarding the timeliness of your request for a hearing is hereby rescinded." *See* Motion For Partial Dismissal as Moot, *Peevy v. Donohue,* No. 11–1209 (D.C.Cir. May 7, 2013). By agreeing to hear Peevy's appeal, the Postal Service gave her the relief that she sought

through her constitutional claims—a hearing on her termination pursuant to the Postal Service's appeals procedure. *See* Oral Arg. Recording at 8:40 (statement by Peevy's counsel that, "had they offered her the hearing, we would not be here"). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 568 U.S. ——, 133 S.Ct. 1523, 1528, 185 L.Ed.2d 636 (2013) (citation omitted). Accordingly, we dismiss this appeal as moot and vacate the portion of the district court's judgment dismissing appellant's constitutional claims. *See United States v. Munsingwear*, 340 U.S. 36, 39, 71 S.Ct. 104, 95 L.Ed. 36 (1950).

Peevy expresses concern that she may not receive a fair hearing from the Postal Service, and that the hearing officer it has designated may not be impartial. Those claims were not contained in her original complaint and have not been previously raised on this appeal. The Postal Reorganization Act of 1970 requires the Postal Service to establish a procedure guaranteeing employees "an opportunity for a fair hearing on adverse actions." 39 U.S.C. § 1001(b). Postal Service regulations require the Service to select a "neutral hearing officer." ELM Part 652.242(a). After she has had her hearing, if Peevy concludes that these requirements were not met, she is free to file a new action challenging the hearing on those grounds.

The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. RULE 41(a)(1).